

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

March 30, 2004

BY TELECOPY (W/OUT ATTACHMENTS) AND MAIL

Valerie Carter
530 Atlantic Avenue
Boston, MA 02210

>   Re:  United States v. Luis Rodriguez a/k/a "One Eyed
>        Luis"; Criminal No. 04-10047-RCL

Dear Ms. Carter:

    Pursuant to Rule 116.1 of the Local Rules of the United States District Court for the District of Massachusetts, the government hereby provides you with the following automatic discovery in the above-referenced case:

A.   Rule 16 Materials

1.   Statements of Defendant under Rule 16(a)(1)(A)

    a.   Written Statements

    There are no relevant written statements of the defendant Luis Rodriguez, a/k/a "One Eyed Luis" (hereinafter referred to as "the defendant") in the possession, custody, or control of the government.

    b.   Recorded Statements

    Consensual audio and video tape-recordings were made of personal meetings and telephone conversations involving the defendant and a cooperating witness ("CW-4") as is indicated in the index attached as Exhibit 1. These tapes are available for your review and a copy of them is being prepared and will be forwarded. A copy of the audiotapes will also be sent to the institution at which the defendant is being held in accordance

with LR 116.4.

To date, draft transcripts of these tapes have not been prepared. However, summaries of some of the recorded conversations have been prepared as part of Bates Number documents 1-1028 that have previously been provided to you.

c.   Grand Jury Testimony of the defendant

The defendant did not testify before the grand jury. Nor am I aware of any other statements made by him to law enforcement agents other than answers to the standard booking questions that would have been posed to him after his arrest or as may be referenced in the reports produced in this action. If I become aware of any such additional statements, I will advise you at once.

d.   Oral Statements to then Known Government Agents

Other than booking statements referenced in the preceding paragraph and other statements that may be referenced in the reports produced in this matter, I am presently unaware of any oral statements made by the defendant before or after arrest, in response to interrogation by a person then known by the defendant to be a government agent, which the government intends to use at trial. If I become aware of any such statements, I will advise you at once.

2.   Defendant's Prior Record under Rule 16(a)(1)(B)

I understand that you received a copy of the prior criminal record of the defendant from Pretrial Services. Please contact me if you need a duplicate copy.

3.   Documents and Tangible Objects under Rule 16(a)(1)(C)

All books, papers, documents and tangible items that are within the possession, custody, and control of the government, and which are material to the preparation of the defendant's defense, or are intended for use by the government as evidence in chief at the trial of this matter, or were obtained from or belong to the defendant, may be examined by contacting the undersigned Assistant United States Attorney and making an appointment to view the same at a mutually convenient time.

4.    Reports of Examinations and Tests under Rule 16(a)(1)(D)

   Copies of the DEA-7 laboratory reports relating to the drugs purchased from the defendant have been produced. Any additional laboratory reports received after the date of this letter will be forwarded to you when the are available.

   Should we be unable to reach a stipulation as to the results of the examination of the drugs seized in this case, the government plans to offer testimony concerning the results of the laboratory analysis of the drug exhibit (i.e., that it is cocaine base) and testimony from the case agent or another qualified law enforcement agent that the drugs are that particular from of cocaine base known as crack cocaine. That testimony will be based on the agent's training and experience and his inspection of the color, appearance, texture, and/or odor of the drugs purchased form the defendant. The basis for such an opinion is more fully described in the grand jury testimony of S/A Mark Karangekis already produced to you and in the additional grand jury testimony (Bates Number documents 1029-1089) that are attached as Exhibit 2.

B.    Search Materials under Local Rule 116.1(C)(1)(b)

   No search warrants were conducted of property belonging to the defendant in this case. Any items seized from the defendant at the time of his arrest may be examined by appointment in accordance with paragraph 3, above and a copy of any agency reports describing any inventory search will be provided to you upon receipt by this office. Search warrant materials concerning other searches in other cases are attached as Bates Numbered documents 1090-1172 that are also attached as part of Exhibit 2. Returns for those warrants (and reports summarizing the searches) will be provided upon receipt.

   The government is not in possession of reports related to the seizures of evidence in this case that it anticipates offering in its case-in-chief beyond those items otherwise described in this letter.

C.    Electronic Surveillance under Local Rule 116.1(C)(1)(c)

   No oral, wire or electronic communications of your client were intercepted by the government in connection with this case pursuant to 18 U.S.C. §§ 2510-2518.

3

D.  <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

As discussed above, this case involved the use of consensual monitored meetings and conversations that were recorded. Although summaries of some conversations have been prepared (and, as is indicated above, have been produced), no formal transcripts of these tapes (either draft or final) are presently available. Any such transcripts that are prepared will be made available to you in accordance with Local Rule 116.4(B). Although not required by Local Rule 116.1(C)(1)(d)(i), the government has also produced the FBI-302 and other reports relating to these consensual recordings and other contacts with the defendant concerning the offenses described in the Indictment. These reports were also included in the documents previously produced as Bates Number documents 1-1028.

E.  <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>



F.  <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

There were several kinds of identification procedures used in the course of this investigation. In addition to traditional photographic arrays and identifications made by surveillance agents who were personally familiar with targets of the investigation, agents working on the case frequently reviewed videos of controlled purchases and compared the image of the

individual on the video to booking or other photographs of suspected targets. All such procedures of which I am aware are described in the police reports previously produced. All videos taken in this case will be made in accordance with the procedures described below.

As indicated in the reports previously provided to you, on December 29, 2003, prior to the controlled buy on that day, CW-4 was shown a photograph of the defendant and identified him as the individual who CW-4 knew as Luis LNU, a/k/a "One Eyed Luis". Apart from this procedure, and as may be indicated in the documents produced to date, I have no information indicating that the defendant was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo-spread or other display of an image of the defendant. In the event I become aware that such a procedure was used, I will advise you at that time and will provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedures.

G.   Exculpatory Evidence under Local Rule 116.2

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1. The government is aware of no evidence that would tend directly to negate the defendants' guilt concerning any count in the Indictment.

2. The government is aware of no information that would cast doubt on the admissibility of evidence that the government anticipates offering as part of its case-in-chief and that could be subject to a motion to suppress or exclude.

3. The drug purchases made from the defendant in this case were made by the CW described in paragraph A.1.b., above. Other than CW-4, no promises, rewards, or inducements have been given to any witness whom the government presently anticipates calling as part of its case-in-chief.

Prior to the date of this letter, CW-4 received $2,900 from the FBI in connection with its involvement in this and other investigations. This total includes payments for expenses.

In addition to these payments, additional rewards, payments, and inducements were given to CW-4 in that law enforcement

5

officials helped obtain a job for CW-4 as a mail loader for a commercial entity. CW-4 showed up for the first day of work but did not take the job.

Pursuant to Local Rule 116.6(A), the government declines to disclose at this time the identity of CW-4. The government believes that such a disclosure would be detrimental to the interests of justice. The government takes the position that the exposure of the identity of CW-4 would put its safety and the safety of its family in jeopardy. The government is prepared to identify CW-4 at a reasonable time before trial.

4. Other than CW-4, the government is unaware that any of its named case-in chief-witnesses has any criminal record or criminal cases pending. A redacted copy of the criminal record of CW-4 is attached as Exhibit 3.

5. No named percipient witness failed to make a positive identification with respect to the crimes described in the indictment.

H.  Other Matters

The government recognizes that its duty of disclosure and discovery as set forth in Local Rule 116 and Rule 16 of the Federal Rules of Criminal Procedure is a continuing one. In addition, please consider this letter to be a request for reciprocal discovery pursuant to Local Rule 116.1(D) and Fed. R. Crim. P. 16(b). I request that you provide a written response to my request for reciprocal discovery within 10 days of receipt of this letter.

I.  Request for Alibi Information

According to the government's evidence, meetings and or conversations took place with the defendant on the following dates and times. At approximately 5:35 p.m. on 12/29/03, CW-4 met with the defendant in the area of Springfield Street in Lawrence. CW-4 and the defendant drove to 49 Springfield Street in Lawrence and the defendant went into the house and returned to CW-4's car at approximately 5:44 p.m. CW-4 and the defendant drove to a convenience store at the corner of South Union Street and Salem Street and the defendant went into the store. At approximately 5:46 p.m., the defendant got back into CW-4's car and they returned a few minutes later to the area of 49 Springfield Street where the defendant got out of the car.

Pursuant to Fed. R. Crim. P. 12.1, the government hereby

requests notice of any intention to offer an alibi defense to the charged offense or any of the above-captioned meetings or conversations.

If you have any questions about any of this information or wish to discuss this case, please call us at (617) 748-3100.

>Very truly yours,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: _____
>JOHN A. WORTMANN, JR.
>PETER K. LEVITT
>Assistant U.S. Attorneys

enclosures

cc (w/out encl.):   Rex Brown, Courtroom Clerk to Magistrate Judge Joyce London Alexander (with information regarding co-conspirators redacted)