UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>        Plaintiff  )<br>  )<br>v.  )<br>  )<br>LUIS RODRIGUEZ,  )<br>        Defendant  ) | Cr. No. 04-10047 |

### ORDER OF APPOINTMENT OF COURT MEDICAL EXPERT

The defendant, Luis Rodriguez, is before the court for sentencing, following his plea of guilty on April 14, 2005 to a single count of an indictment charging him with distribution of cocaine base. 21 U.S.C. § 841(a)(1). The presentence report reveals that Mr. Rodriguez suffered a gunshot wound in or near the right eye in 1995, and that he retains multiple metallic fragments in his head. He complains that he experiences persistent numbness in his face, and that since his arrest and detention in this case, he has had several seizures and episodes in which he has lost consciousness.

The court requested an evaluation of Mr. Rodriguez at FMC Devens. Physicians at that facility concluded that Mr. Rodriguez suffers right eye blindness, secondary to the shotgun blast to the face and post traumatic trigeminal neuralgia. The Devens physicians also concluded that all of Mr. Rodriguez's diagnoses were stable.

Following the evaluation at FMC Devens, Mr. Rodriguez was returned to detention at the Plymouth County House of Correction. Since his return to Plymouth, he has reported continuing episodes of seizures and blackouts.

Mr. Rodriguez has requested a downward adjustment to any sentence of incarceration that otherwise might be imposed because, he contends, he will not receive adequate medical treatment in any facility of the Bureau of Prisons for what appears to be a chronic neurologic disorder.

The court has determined that a second neurologic evaluation of Mr. Rodriguez is appropriate, and that an expert appointed by the court, pursuant to Fed. R. Evid. 706, should undertake that evaluation. Accordingly, for the purpose of making such evaluation, the court hereby appoints, as its expert, Paul T. Gross, M.D., a neurologist certified by the American Board of Medical Specialties and practicing at the Lahey Clinic Medical Center. Dr. Gross shall conduct such examination and use such diagnostic methods as he deems appropriate to render an opinion as to the present neurologic status of Mr. Rodriguez, including the nature and status of any neurologic abnormality with which Mr. Rodriguez presents, the cause of any such abnormality (if that can be determined); whether and by what means any such abnormality may be treated; and any prognosis regarding short-term and long-term development in Mr. Rodriguez's neurologic condition (a) with appropriate treatment of any abnormality and (b) without treatment of any such abnormality. Any examination and testing required for the evaluation of Mr. Rodriguez shall take place at Lahey Medical Center at such time or times mutually convenient to Dr. Gross and the United States Marshals Service ("the Marshals Service"). The Marshals Service is hereby directed to make appropriate arrangements for the secure transport and supervision of Mr. Rodriguez from the Plymouth County House of Correction to Lahey Medical Center, in accordance with this order.

Counsel for the United States and Mr. Rodriguez shall make themselves available to Dr. Gross and shall provide to him any information or materials he may reasonably request in connection with his evaluation of Mr. Rodriguez, *provided that* the information or materials so provided shall not operate as a waiver of any attorney-client or work-product protection that might otherwise attach thereto.

Mr. Rodriguez shall cooperate in the evaluation in all respects, *provided that* any information that he may share with Dr. Gross shall not operate as a waiver of any attorney-client or work-product protection that might otherwise attach thereto.

Unless the court otherwise orders, Dr. Gross shall submit to the court a written report of his evaluation not later than three weeks from the date of any examination and testing he conducts of Mr. Rodriguez.  In addition to the opinions described in this order, the report shall set forth the manner by which the evaluation required by this order was made.  The court shall make the report available to counsel for the United States and Mr. Rodriguez, but the report otherwise shall be sealed.  Should an in-court examination of Dr. Gross concerning the report and the opinions set forth therein be necessary, Dr. Gross shall make himself available for such examination at a time convenient to the parties, himself and the court.

For undertaking the evaluation and preparing the report required by this order, Dr. Gross shall be compensated in an amount not to exceed $1,500.  For any appearance in court, he shall be compensated at the rate of $400 per hour.  All of said compensation shall be paid by the Department of Justice from funds appropriated for this purpose.  *See Decision of the Comptroller General B-139703* (Mar. 21, 1980); *Jack B. Weinstein & Margaret A. Berger,* 4 WEINSTEIN FEDERAL EVIDENCE § 706.06(2)(2d ed. 2006).  Dr. Gross shall submit to the court an invoice for

his services at the time that he submits his written report, and, if a court appearance is necessary, he shall submit an invoice for his appearance(s) in court promptly following any such appearance(s). The court will forward the invoice(s) of Dr. Gross to the Assistant United States Attorney representing the United States in this action so that the invoice(s) promptly may be paid. Unless the court otherwise orders, the invoices of Dr. Gross shall be made part of the public record in this case.

    SO ORDERED.

                                        /s/ REGINALD C. LINDSAY  
                                       UNITED STATES DISTRICT JUDGE

DATED:    March 16, 2006