```
 1
 2                        *  *  *  *  *  *
 3           THE COURT:  As you know, I've been dealing with
 4   this matter for several months trying to determine the answer
 5   to the question first of what Mr. Rodriguez' medical status
 6   was, or is, and whether, if he has a disability, that
 7   disability can be adequately accommodated within the -- or by
 8   the Bureau of Prisons.
 9           I have reviewed the medical records or a
10   substantial number of the medical records of Mr. Rodriguez.  I
11   appointed Dr. Gross to examine and assess him.  I am persuaded
12   by a preponderance of the evidence that he has a seizure
13   disorder, that he has epilepsy.
14           I also am persuaded, however, that that disorder
15   can be accommodated by the Bureau of Prisons.
16           Dr. Gross has told me that in his expert opinion
17   what is required is care by a neurologist.  Ideal care would be
18   by an epileptologist, but that most people who have epilepsy
19   are cared for by neurologists.
20           I am persuaded that the Bureau of Prisons has the
21   ability to make neurologists available for Mr. Rodriguez in the
22   manner that Dr. Gross thinks most appropriate.
23           I'm persuaded as well that the monitoring that
24   Dr. Gross thinks is necessary can be accomplished within the
25   Bureau of Prisons.
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1            I might say that my own experience with people whom
 2   I know who have epilepsy informs me that the idea of the --
 3   that many people who have epilepsy do not have this buddy
 4   system.  They operate, depending on the degree of disability
 5   they have, but they operate normal lives, relatively normal
 6   lives; and if they have a seizure, they have a seizure when
 7   they have it, where they have it, with people responding or not
 8   depending on when the seizure occurs and where it occurs.
 9            I once had an intern who had a seizure disorder,
10   and for the most part I wasn't aware that she had such a
11   disorder.
12            Essentially what I'm saying is that if the buddy
13   system is provided for Mr. Rodriguez, it may be that he may
14   have more attention than he would on the outside.
15            In any case, I'm satisfied that he has the degree
16   of attention that Dr. Gross believes he should have or he will
17   have that within the Bureau of Prisons.
18            So I don't believe that there is an occasion for me
19   to release him because the Bureau of Prisons cannot care for
20   him.
21            Now, the question then arises whether this
22   sentence, in light of all the circumstances, the sentence
23   prescribed by the guidelines is a reasonable sentence.
24            I start in making that determination with the
25   proposition that Mr. Rodriguez has these multiple physical
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1   issues.  He has the problem of the seizure disorder; he may
 2   have a second problem arising from the bullet fragments in his
 3   head; he has asthma; this episode of hypoglycemia has never
 4   been truly resolved as far as I can tell.  So there are
 5   multiple physical problems which complicate any sojourn in the
 6   Bureau of Prisons system, although I believe they can be
 7   accommodated.
 8            Mr. Rodriguez is charged with distribution of
 9   cocaine base, not with conspiracy.
10            The question of whether he's a member of a gang is
11   not clear, it hasn't been resolved, so I don't find that he is
12   a member of a gang.
13            He's charged with a single transaction, and while
14   the amount is 1.8 grams, it's not insignificant, it is
15   relatively insignificant compared with people involved in the
16   related cases.
17            On the other hand, as Mr. Wortmann points out,
18   there are five predicate convictions, ten convictions overall,
19   so Mr. Rodriguez is in every sense a career offender.
20            Taking account of all of the factors --
21   Mr. Rodriguez' criminal history, the offense of conviction,
22   what he's charged with and what he has pleaded guilty to, and
23   his health -- I have determined that a reasonable sentence
24   outside the guidelines is appropriate.  And I am prepared to
25   make that judgment now.
```

```
 1                    (End of statement of reasons.)
 2                    *   *   *   *   *   *   *   *   *   *
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

PDF created with pdfFactory trial version www.pdffactory.com